Shearer, J.
In this and eight other cases, submitted on appeal, in which injunctions are sought restraining the City of Dayton from enforcing certain street assessments made under the special act governing street improvements in said city, etc., which act, so far as the questions herein are concerned, does not materially differ from the general law, we hold :
1. That when a lot is bounded breadth-wise by a street and lengthwise by another street, and the improvements thereon contain gates opening upon each street, intended to be, and which are or may be, used for ingress and egress to and from such buildings, such lot “ fronts ” upon both streets.
2. In such case, where each of such streets is improved, assessments may be made upon such lot for the num *481 ber of feet sueb lot abuts upon, or is bounded by, such improvements respectively.
Gottschall & Brown, McMahon & McMahon, Patterson & Murphy, Emmanuel & Dwyer, Jno. M. Sprigg, for plaintiff.
William Craighead and Frank Conover, City Solicitors.
3. Where, as in Stout’s case, the lot abuts lengthwise upon an improvement,- but is separated from such improvement by a continuous fence, without gates or other openings, or means of passing through or over the same, such lot does not ‘'‘’front” upon the improvement; and an assessment thereon for any portion of the cost of said improvement, in excess of the number of feet breadthwise, is illegal.
4. Haviland’s case, 50 Ohio St. 481, does not hold that a lot may not have two fronts, and we are unwilling to extend it beyond its strict and necessary purview.
5. “ Abounding” in the Dayton act means “ bounding ”, or “bounded by.” “Bound” is synonymous with “limit”, or “border.” The definitions of “abounding,” as claimed by counsel, demonstrates that that word was not intended by the legislature. The a must be rejected. “.Abut” means the same as “ bound ” — that is, “ to terminate or border; to be contiguous; to meet.”
In view of the foregoing, all the cases will be dismissed at the costs of the respective plaintiffs, excepting Stout’s case, wherein the enforcement of the assessment will be enjoined as to all in excess of the number of feet embraced in the Second street or breadthwise front. And in the Babbitt and Weakley cases the collection of the assessments in excess of twenty-five per centum upon the valuation for taxation will 'be enjoined.